UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CARMEN R. POSEY,                              )
                                             )
            Plaintiff                        )
                                             )        CAUSE NO. 3:05-CV-446 RM
      vs.                                    )
                                             )
MIKE BOOKS,                                  )
                                             )
            Defendant                        )

OPINION AND ORDER

Carmen R. Posey, a *pro se* prisoner, submitted a complaint under 42 U.S.C.

§ 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a

prisoner complaint and dismiss it if the action is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief against

a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides

for the dismissal of a complaint, or any portion of a complaint, for failure to state

a claim upon which relief can be granted. Courts apply the same standard under

§ 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230

F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the
> plaintiff can prove no set of facts in support of his claim which would
> entitle him to relief.  Allegations of a pro se complaint are held to less
> stringent standards than formal pleadings drafted by lawyers.
> Accordingly, pro se complaints are liberally construed.
>       In order to state a cause of action under 42 U.S.C. § 1983, the
> Supreme Court requires only two elements:  First, the plaintiff must
> allege that some person has deprived him of a federal right.  Second,
> he must allege that the person who has deprived him of the right
> acted under color of state law.  These elements may be put forth in
> a short and plain statement of the claim showing that the pleader is

> entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Posey alleges that the Elkhart County Drug Task Force wrongfully sold his truck, tools, equipment, tires and music recordings. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law", but a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (INDIANA CODE § 34-13-3-1 *et seq.*) provides for state judicial review of property losses caused by government employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.") Therefore, even though Mr. Posey may have a state tort claim, he does not have a federal constitutional claim.

For the foregoing reasons, this complaint is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED:   August 1, 2005

　

　

　　　　　　　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　　United States District Court